## GREGG *v.* BRICKLEY.

[No. 3,422. Filed, March 28, 1901. Rehearing denied June 20, 1901.]

EXEMPTIONS. — *Householders.* — *Evidence.* — In an application by a judgment defendant for a householder's exemption, the evidence showed that defendant had been married, but that his wife died five years before the trial, leaving five children, who were still living, two of whom provided for themselves, and the other three lived with their grandmother in an adjoining county, and had lived with her and were supported by her since the death of their mother, except $60 or $65 contributed by the defendant; that defendant had no contract with his children's grandmother for their support, and that he visited them only about once a year. *Held,* that defendant was not entitled to a householder's exemption.

Gregg v. Brickley.

From Wells Circuit Court; *E. C. Vaughn,* Judge.

Application by John R. Gregg for a householder's exemption from a judgment obtained against him by Louis A. Brickley. From a judgment denying the exemption, complainant appeals. *Affirmed.*

*L. Mock, J. Mock* and *G. Mock,* for appellant.

Black, J.—The finding of the trial court that the appellant was not entitled to exemption of his property, not exceeding in value $600, from liability under a judgment on contract rendered in Wells county against him in favor of the appellee, is questioned on the grounds assigned in the appellant's motion for a new trial, that the decision was not sustained by sufficient evidence and was contrary to law; and the only question argued by the appellant (there being no brief for the appellee) is whether, under the evidence, the court should not have found that the appellant was a resident householder of this State within the meaning of the statute providing for such exemption.

The application for exemption was filed in June, 1899, and the trial was had in the following December. There was evidence that the appellant was forty years of age; that he had been married, but his wife died five years before the trial, leaving their five children, who still were living. It does not appear, except by inference, in what county the appellant resided before his wife's death. He had resided in Indiana all his life. At some time after his wife's death he had resided temporarily at Bluffton, Wells county. At the time of the trial he was a resident of Van Buren, Grant county, and had resided there for three years, employed at pumping in the oil field. During the last preceding six months he had received $60 per month, and before that period he had received $45 per month. His oldest child, a boy of eighteen years, was living in Colorado; his second child, a boy of sixteen years, was living in Wells county. These two provided for themselves, and the appellant did not

furnish them any support. The other three children, a girl aged fifteen, a boy aged eleven, and a boy aged six, were residing with their maternal grandmother, Mrs. Amanda Lesh, in Rock Creek township, Wells county. The youngest had been taken when an infant and in bad health, immediately after the mother's death, to the home of the grandmother, and soon afterward the other two commenced to reside with the grandmother, and for about five years the three children had been supported by her at her home. The appellant owned one bed, which was at Bluffton, a set of dishes in Rock Creek township, three blankets at Warren, Indiana, his own wearing apparel, and a small sum in the hands of the clerk of the court below, concerning the disposition of which this controversy arose. He testified that he had not a dollar in money in possession and that he had no other claims for money. He also testified that he had visited his children residing with Mrs. Lesh, his visits being on an average once a year; but Mrs. Lesh testified that he had visited the children but twice in two and one-half years, staying about one hour each time. He made no contract or arrangement with Mrs. Lesh to pay her for boarding the children or for washing and mending for them or taking care of them, and had never given her anything therefor or promised to do so. During the five years of their residence with the grandmother he had sent money to the children several times, in all $60 or $65; once he bought a pair of shoes for forty cents for the youngest and two yards of stuff for its dress, and this was all the support this child had received from its father's means, except that he furnished medical attendance for it about five years before the trial. To the other children he had sent $5 in July, before the trial and after the commencement of this proceeding, he then being at Van Buren, and this was the last money he had sent them. More than a year before the trial he sent them $10; and the remainder of the whole amount so given by him had been sent at intervals in sums of $5 or $10 at a

time.   These remittances, sometimes sent by mail, seem to have been made generally in response to requests from his daughter.   He promised once to send some clothing for one of the sons, but failed to keep the promise.   He also once purchased overshoes, shoes, and a dress for his daughter.

It is true and well established that the statute which effectuates the purpose expressed in the Constitution of recognizing "the privilege of the debtor to enjoy the necessary comforts of life," and which confines the privilege to "any resident householder," is to be liberally construed with a constant view of accomplishing, in cases coming within the spirit of the enactment, the beneficent intention of such legislation, but we fear it would be extending the protection to an unwarrantable degree to allow exemption to the appellant.   He is an inhabitant of Grant county, and does not appear to be a householder there.   It is not shown that he is there temporarily, but he is a resident of that county, and not elsewhere.   He is a father, but he is not the head of any household.

As to his two elder sons, there can be no question that they are not members of a household of which he is the head, and as to his three younger children, it appears that they are members of the household of their grandmother, to whom the appellant has in effect abdicated his paternal control, and to whose care and support he has practically abandoned them.   The irregular and infrequent bestowal of comparatively diminutive gifts can not properly be regarded as support of a family, or as constituting the appellant as the head of a family of which these children are members.   It does not appear that to grant the appellant the exemption claimed would enable a family to enjoy any of the necessary comforts of life.   His past conduct would rather support the expectation that he would enjoy the exemption as an individual merely, without being impelled by obligation or necessity to contribute from the exempted amount to any other person.   As was remarked in *Green* v. *Simon,* 17 Ind.

App. 360, 366, statutes of exemption are not intended for the benefit of the debtor himself alone, but the purpose of such enactments is to secure provision for the wants of indigent families. We can not see that such a purpose would have been subserved by allowing exemption to the appellant.

Judgment affirmed.